IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCISCO KAKATIN, #A0259489,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>RICHARD KIANA,<br><br>　　　　　Defendant.<br>_____ | ) CIV. NO. 15-00337 JMS/BMK<br>)<br>)<br>) ORDER DISMISSING COMPLAINT<br>) WITH LEAVE TO AMEND<br>) PURSUANT TO 28 U.S.C.<br>) §§ 1915(e)(2) & 1915A(b)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

Before the court is pro se Plaintiff Francisco Kakatin's prisoner civil rights Complaint. Doc. No. 1. Plaintiff is incarcerated at the Waiawa Correctional Facility ("WCF"). Plaintiff names Richard Kiana,[1] a WCF kitchen worker, as the only Defendant, and alleges that Kiana violated the Equal Protection Clause of the Fourteenth Amendment when Kiana referred to him by a racial epithet.

The Complaint is DISMISSED with leave to amend for failure to state a cognizable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Plaintiff is granted leave to amend on or before November 13, 2015.

---

[1] The court adopts the spelling of Defendant's name as Richard "Kiana," as Plaintiff refers to it throughout the Complaint unless notified otherwise. The Complaint fails to identify whether Kiana is an employee of WCF or a fellow inmate.

# I. BACKGROUND

Plaintiff states that on August 31, 2014, he was working in the WCF kitchen with Kiana, when Kiana began yelling at him and called him a "nigger." Compl., Doc. No. 1, PageID #7 (Count I). On September 3, 2014, Plaintiff says he spoke with kitchen supervisor, Janice, and WCF guard ACO Foumai about this incident. Plaintiff says that he was then fired from his WCF kitchen workline job on September 9, 2014. Plaintiff told Unit Manager Christy Yokoyama about the incident on September 10, and says he also made a statement to "Sgt McNeil," on September 18, 2014.[2] *Id.*

Plaintiff alleges he received a misconduct violation on October 1, 2014, in retaliation for the incident. Plaintiff does not identify who issued the misconduct report or its alleged basis, but suggests it resulted in his heightened classification status. *Id.*, PageID #8 (Count II). Plaintiff filed a grievance regarding this misconduct report on October 25, 2014, and says he fully exhausted the administrative grievance process on January 10, 2015. *Id.* Plaintiff says he also filed a report about the incident with the Sheriff's Department, #SD14-08191, on November 6, 2014.

---

[2] It is unclear whether Sgt. McNeil is employed by the Department of Public Safety's ("DPS") Corrections Division, within its Sheriff's Department, or perhaps, with the Honolulu Police Department.

Plaintiff says he was transferred to the Halawa Correctional Facility ("HCF") due to his heightened security classification, but does not detail when this occurred, who authorized the transfer, or when he returned to WCF. He alleges that between May 1 and 18, 2015, he was denied workline jobs in the kitchen, store, and building maintenance departments, and was also denied participation in the choir. *Id.* It is unclear whether Plaintiff was incarcerated at WCF or HCF when these incidents occurred.

Plaintiff alleges this treatment is discriminatory and constitutes retaliation. Plaintiff seeks relief from further discrimination, staff training regarding discrimination, and compensation. *Id.*, PageID #10.

## II. **SCREENING**

The court must screen all civil actions brought by prisoners proceeding in forma pauperis or seeking redress from a government entity, officer, or employee. 28 U.S.C. §§ 1915(e)(2) & 1915A(a). Complaints or claims that are frivolous, malicious, fail to state a claim, or seek relief from a defendant who is immune from such relief must be dismissed. 28 U.S.C. §§ 1915(e)(2) & 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. *Balistreri v. Pacifica Police*

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim, a plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations that are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679-80. Second, the court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, the claim may proceed. *Id.* at 680.

Plausibility "is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (internal quotation marks omitted). A court must "accept factual allegations in the

complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). "[C]onclusory allegations of law and unwarranted inferences are insufficient." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

Leave to amend should be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). When it is clear the complaint cannot be saved by amendment, however, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. DISCUSSION

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.     Kiana's Verbal Harassment

Racial slurs and other verbal abuse uttered by state actors -- standing alone -- do not violate a prisoner's constitutional rights. *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) ("As for being subjected to abusive language . . . [v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (citing *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (quotations omitted), *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998)  (holding verbal harassment, standing alone, does not violate the Eighth Amendment ); *Pennebaker v. Sacramento Cty. Sheriff*, 2015 WL 269384, at *2-3 (E.D. Cal. Jan. 20, 2015) ("racially charged language" in itself, does not violate the violate the Constitution, laws, or treaties of the United States and is not cognizable under § 1983).  Such verbal harassment and abuse may, however "be evidence that prison officials acted in an intentionally discriminatory manner." *Freeman*, 125 F.3d at 738; *see also id.* at 738 n.6.

Assuming that Kiana is a WCF employee and not a fellow inmate, and to the extent that Plaintiff alleges that Kiana violated the Fourteenth Amendment by

using racial epithets towards him in the WCF kitchen, Plaintiff fails to state a claim. This claim is DISMISSED without leave to amend.

**B.     Retaliation**

Plaintiff also casts his claims under an overarching theory of retaliation. In support of this claim, Plaintiff alleges that after he reported Kiana's verbal harassment to Janice and ACO Foumai, he lost his kitchen workline job. He says that after he spoke with Christy Yokoyama and Sgt. McNeil about the incident, he was written up. And, when Plaintiff grieved this misconduct report, he alleges that his security classification level was raised, he was transferred to HCF, and he was denied at least three jobs and participation in the choir in May 2015.

Under the First Amendment, prison officials may not retaliate against prisoners for initiating litigation or filing administrative grievances. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005). A viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) the inmate's protected conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate penological purpose. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes*, 408 F.3d at 567-68).

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendant and the deprivation alleged to have been suffered by a plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). And, Rule 8 of the Federal Rules of Civil Procedure requires that a pleading "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). That is, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A complaint "must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Id.* At a minimum, a plaintiff must detail what his claims are, when they occurred, and who is allegedly responsible. Factual allegations are accepted as true, but legal conclusions are not. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-57.

First, Plaintiff's claims against Kiana involve racial slurs that Kiana allegedly shouted at Plaintiff on August 31, 2014. This occurred before Plaintiff spoke to Janice and ACO Foumai, before he lost his job, before he was given a misconduct violation, and before Plaintiff filed a grievance. Plaintiff sets forth no other details regarding Kiana's involvement in the alleged retaliatory acts or

8

explains how Kiana's conduct, yelling racial slurs, was taken in retaliation for Plaintiff's reporting that verbal abuse. It defies logic that Kiana retaliated against Plaintiff *because* Kiana called Plaintiff racial epithets. Rather, a liberal reading of Plaintiff's facts more plausibly suggests that there was a verbal and/or physical altercation *between* Plaintiff and Kiana in the WCF kitchen on August 31, 2014, when Kiana used racial slurs. This altercation appears to have precipitated an investigation by prison officials, in which Plaintiff made statements to several prison officials, that resulted in his losing his job in the WCF kitchen. This timeline and these facts do not suggest that *Kiana* retaliated against Plaintiff by calling Plaintiff names or when Plaintiff submitted a grievance, but it might suggest others did so.

Second, Plaintiff fails to allege any details about the allegedly retaliatory October 1, 2014 misconduct report that apparently led to Plaintiff's heightened security classification, transfer to HCF, and denial of jobs and programs. Plaintiff fails to name any specific individual or individuals who wrote the report, upheld a guilty finding, and had responsibility for changing Plaintiff's security classification, transferring him to HCF, and denying him jobs. Plaintiff does not clarify when his security classification was changed, what the alleged basis for this change was, whether and when a disciplinary hearing was held, when he was

9

transferred to HCF or back to WCF, and in which facility he was denied jobs and programs. Thus, Plaintiff fails to link his retaliation claims to any specific person or incident.

Plaintiff's bare conclusory allegations are insufficient for the court to infer that anyone retaliated against Plaintiff, particularly Kiana, based on Kiana's inappropriate racial slurs. First, Plaintiff must establish some nexus between the alleged retaliatory act (his loss of the job, heightened classification, transfer, and denial of new jobs) and his protected activity (filing a grievance). *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000). Plaintiff must also show that he suffered more than minimal harm, *Rhodes*, 408 F.3d at 567 n.11. *See Grenning v. Klemme*, 34 F. Supp. 3d 1144, 1153-54 (E.D. Wash. 2014).

Second, a plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Conclusory allegations of retaliation, with scant supporting facts, must be examined "with skepticism and particular care." *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995). "Retaliation claims by prisoners are 'prone to abuse' since prisoners can claim retaliation for every decision they dislike." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)).

Plaintiff provides no facts from which the court can infer that Kiana retaliated against him. He does not claim that Kiana fired him, changed his security classification, denied him workline jobs and programs, or transferred him to HCF after Plaintiff grieved the loss of his kitchen job. Nor does he allege facts suggesting that Kiana, a kitchen employee, had the ability to take these measures. Plaintiff's claims against Kiana are DISMISSED for failure to state a claim, with leave granted to amend to provide sufficient facts to support his claims against Kiana or other specific individuals who allegedly retaliated against him for exercising his First Amendment right to file a grievance.

## IV.  LEAVE TO AMEND

Plaintiff may file an amended complaint on or before November 13, 2015, that cures the deficiencies noted above. An amended complaint generally supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Thus, while the court will not ignore Plaintiff's original statement of facts, an amended complaint should stand on its own without incorporation or reference to a previous pleading. Defendants not named in the caption and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims

dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not repled).

## V.  28 U.S.C. § 1915(g)

Failure to file an amended complaint correcting the deficiencies identified in this Order on or before November 13, 2015, shall count as a "strike" under 28 U.S.C. § 1915(g), which prohibits a prisoner from proceeding in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.  CONCLUSION

(1)  The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2)  Plaintiff may file an amended complaint curing the deficiencies noted above on or before November 13, 2015.  Failure to timely file an amended pleading that cures the deficiencies discussed above shall result in AUTOMATIC

DISMISSAL of this action for failure to state a claim and shall be counted as a strike pursuant to 28 U.S.C. § 1915(g), unless later overturned on appeal.

(3) The Clerk is directed to mail Plaintiff a prisoner civil rights complaint form so that he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 20, 2015.



    /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Kakatin v. Kiana*, Civ. No. 15-00337 JMS/BMK; Scrng 2015 15-337 (dsm ftsc EP, retal); J:\PSA Draft Ords\JMS\Kakatin 15-337 jms (dsm ftsc EP, retal.).wpd