IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCISCO KAKATIN, #A0259489, | ) ) ) | CIV. NO. 15-00337 JMS/BMK |
| Plaintiff, | ) ) | ORDER DISMISSING AMENDED COMPLAINT IN PART |
| vs. | ) ) ) | |
| RICHARD KIAINA, STATE OF HAWAII PUBLIC SAFETY, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DISMISSING AMENDED COMPLAINT IN PART

Before the court is pro se Plaintiff Francisco Kakatin's amended complaint. Am. Compl., Doc. No. 7. Plaintiff was incarcerated at the Waiawa Correctional Facility ("WCF") when he commenced this action but he is now housed at the Oahu Community Correctional Facility. *See* https://www.vinelink.com. He names Richard Kiaina, a WCF "staff cook," the Hawaii Department of Public Safety, WCF Chief of Security ("COS") Shawn Ornellas, and Adult Correctional Officer ("ACO") Lawalawa as Defendants to this suit.[1] Plaintiff broadly alleges Defendant Kiaina discriminated against him because he is African-American and

---

[1] The court refers to Defendant Kiaina's name as it is spelled in the caption. Although Ornellas and Lawalawa are not named in the caption, they are named in Counts II and III.

Defendants Lawalawa and Ornellas retaliated against him after he was terminated from his WCF workline position.

Plaintiff's Amended Complaint is DISMISSED in part pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).  Specifically, Plaintiff's discrimination claim as alleged against Defendant Richard Kiaina in Count I states a claim and shall be served.  Plaintiff's retaliation claims against Defendants ACO Lawalawa and CSO Shawn Ornellas in Counts II and III fail to state a claim and are DISMISSED. Defendant Hawaii Department of Public Safety is DISMISSED with prejudice. Plaintiff may file an amended complaint curing the deficiencies identified in Counts II and III, if possible, on or before January 26, 2016.

In the alternative, Plaintiff may notify the court in writing on or before January 26, 2016, that he will stand on his Fourteenth Amendment claim against Defendant Kiaina in Count I.  In that event, the court will order the United States Marshal to serve the Amended Complaint on Kiaina, as directed by Plaintiff.

## I. **BACKGROUND**

In Count I, Plaintiff states that he was working in the WCF kitchen on August 31, 2014, when his supervisor, WCF cook[2] Kiaina, called him a "nigger,"

---

[2] Plaintiff describes Kiaina as "cook helper," "staff cook," and "cook."  Because Plaintiff was warned that Kiaina is not acting under color of state law if he is a fellow inmate, thus, not

(continued...)

in front of inmates Christopher Starks and Tilton Lasua.  Am. Compl., Doc. No. 7,

PageID #41.  Kiaina allegedly told Lasua that Plaintiff should "watch his back,"

because Kiaina was going to fire him.  *Id.*  Plaintiff reported this incident to his

boss Janice, and to ACO McCalino on September 3, 2014.  On or about September

9, 2014, Plaintiff was fired; Janice told him this was for his safety.  *Id.*

In Count II, Plaintiff alleges that three weeks later, on or about October 1,

2014, ACO Lawalawa accused him of breaking a kitchen table, and submitted a

disciplinary report to that effect.  *Id.*, PageID #42.  Plaintiff claims that ACO

Lawalawa's report was retaliatory.  Plaintiff asserts that two other inmates broke

the table, and claims that Sgt. Maile investigated and submitted a report on

October 21, 2014, that supported his innocence.  Because Sgt. Maile's report was

allegedly submitted too late, Plaintiff states that Lt. Salderbar discounted and later

destroyed it.  Plaintiff grieved the disciplinary proceedings that resulted, but COS

Ornellas upheld the charges and denied Plaintiff's grievances.  Plaintiff was

thereafter reclassified and transferred to the Halawa Correctional Facility

("Halawa").

---

[2](...continued)
subject to suit under § 1983, the court accepts that Kiaina is a non-inmate WCF staff employee
for the purposes of this Order only.

In Count III, Plaintiff alleges that COS Ornellas retaliated against him by allowing Lt. Salderbar to destroy Sgt. Maile's allegedly untimely report, and by forbidding him to work or participate in the choir after he returned to WCF. *Id.*, PageID #43.

Plaintiff seeks compensation, psychiatric care, appointment of counsel to prosecute this suit, and staff training regarding discrimination. *Id.*, PageID #10.

## II.  SCREENING

The court must screen all civil actions brought by prisoners proceeding in forma pauperis or seeking redress from a government entity, officer, or employee. 28 U.S.C. §§ 1915(e)(2) & 1915A(a).  Complaints or claims that are frivolous, malicious, fail to state a claim, or seek relief from a defendant who is immune from such relief must be dismissed.  28 U.S.C. §§ 1915(e)(2) & 1915A(b); 42 U.S.C. § 1997e(c)(1).

A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-

4

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[A]

complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)).  To state a plausible claim, a plaintiff must plead facts that

allow "the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged."  *Id.*

First, a court must identify "the allegations in the complaint that are not

entitled to the assumption of truth," that is, those allegations that are legal

conclusions, bare assertions, or merely conclusory.  *Id.* at 679-80.  Second, the

court must consider the factual allegations "to determine if they plausibly suggest

an entitlement to relief."  *Id.* at 681.  If the allegations state a plausible claim for

relief, the claim may proceed.  *Id.* at 680.

Plausibility "is not akin to a probability requirement, but it asks for more

than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678 (internal

quotation marks omitted).  A court must "accept factual allegations in the

complaint as true and construe the pleadings in the light most favorable to the

nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025,

1031 (9th Cir. 2008).  The court is not required to "'assume the truth of legal

conclusions merely because they are cast in the form of factual allegations.'"

*Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).  "[C]onclusory allegations of law and unwarranted inferences are insufficient." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

Leave to amend should be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  When it is clear the complaint cannot be saved by amendment, however, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## III.  <u>DISCUSSION</u>

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 requires an actual connection between a defendant's actions and a plaintiff's allegations. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to

6

perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). That is, to state a claim for relief under § 1983, Plaintiff must link each named Defendant with some affirmative act or omission that demonstrates a violation of his federal rights.

### A.    Immunities

Plaintiff names the Hawaii Department of Public Safety as a Defendant. "The Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity." *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005) (quoting *Yakama Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1245 (9th Cir. 1999)). The Hawaii Department of Public Safety has not waived its immunity and is DISMISSED with prejudice.

### B.    Mootness

Plaintiff's claims for injunctive relief are DISMISSED as moot because Plaintiff has been transferred from WCF to the Oahu Community Correctional Center. *See Darring v. Kincheloe*, 783 F.2d 874, 875-76 (9th Cir. 1986). This does not affect Plaintiff's claims for damages against Defendants Kiaina, Ornellas, and ACO Lawalawa.

**C.     Equal Protection:  Defendant Kiaina**

Inmates "are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974) (citation omitted); *Harrington v. Scribner*, 785 F.3d 1299, 1305 (9th Cir. 2015); *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004). The Equal Protection Clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985).  To state a viable equal protection claim, Plaintiff "must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003) (citation omitted).  "Intentional discrimination means that a defendant acted at least in part because of a plaintiff's protected status." *Id.* (citation and emphasis omitted).

At the outset, the court notes that racial slurs and other verbal abuse uttered by state actors -- standing alone -- do not violate a prisoner's constitutional rights. *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) ("As for being subjected to abusive language . . . [v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (citing *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (quotations omitted), *overruled in*

*part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008);

*Pennebaker v. Sacramento Cty. Sheriff*, 2015 WL 269384, at *2-3 (E.D. Cal. Jan.

20, 2015) ("racially charged language" in itself, does not violate the Constitution,

laws, or treaties of the United States and is not cognizable under § 1983).  Further,

Plaintiff has no constitutional right to employment while incarcerated.  *Vignolo v.*

*Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

Plaintiff, however, alleges that Kiaina, who is apparently his supervisor,

directed a particularly heinous and racist epithet at him in front of other inmates,

told another inmate that he was going to fire Plaintiff, and after Plaintiff reported

the harassment to another supervisor and prison guard, Plaintiff was fired.  Am.

Compl., Doc. No. 7, PageID #41.  While verbal harassment and abuse alone may

be insufficient to state a claim, they can "be evidence that prison officials acted in

an intentionally discriminatory manner."  *Freeman*, 125 F.3d at 738 and 738 n.6.

This claim sufficiently states a claim against Defendant Kiaina for discrimination

on the basis of race and shall proceed.

**D.     Retaliation:  ACO Lawalawa and COS Ornellas**

Under the First Amendment, prison officials may not retaliate against

prisoners for initiating litigation or filing administrative grievances.  *Rhodes v.*

*Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).  A viable retaliation claim must

include five elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) the inmate's protected conduct and that the adverse action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate penological purpose. *Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (quoting *Rhodes*, 408 F.3d at 567-68).

Prisoners' retaliation claims must be evaluated in light of concerns over "excessive judicial involvement in day-to-day prison management, which 'often squanders judicial resources with little offsetting benefit to anyone.'" *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 482 (1995)).  Such claims should be examined "with skepticism and particular care." *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995).  "Retaliation claims by prisoners are 'prone to abuse' since prisoners can claim retaliation for every decision they dislike." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quotation omitted); *see also Grenning v. Klemme*, 34 F. Supp. 3d 1144, 1153-54 (E.D. Wash. 2014).

### 1.    *ACO Lawalawa*

Plaintiff claims that ACO Lawalawa retaliated against him by filing a disciplinary report accusing Plaintiff of breaking a kitchen table three weeks after

Plaintiff was fired.  To prevail on a retaliation claim, a plaintiff must show that his protected conduct was the "'substantial" or 'motivating' factor behind the defendant's conduct." *Brodheim*, 584 F.3d at 1271 (quoting *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)).  Plaintiff's conclusory allegations are insufficient for the court to infer that Lawalawa took any adverse action against Plaintiff *because* of Plaintiff's protected activity.

First, Plaintiff does not allege that Lawalawa was involved in Kiaina's allegedly discriminatory conduct, or that Lawalawa had any connection to Plaintiff's termination.  Nor does Plaintiff claim that he had filed a grievance before Lawalawa charged him with misconduct, that Lawalawa was aware of this grievance, and that Lawalawa sought to retaliate because Plaintiff filed this grievance.  The only protected conduct Plaintiff discusses is his assertion that he fully grieved his disciplinary proceedings that resulted from Lawalawa's report on or before January 13, 2015.  Clearly this occurred *after* Lawalawa wrote him up and cannot serve as evidence of Lawalawa's motivation for retaliation.

Plaintiff makes no claim that he engaged in any protected conduct before Lawalawa's wrote him up and alleges nothing else explaining Lawalawa's allegedly retaliatory motivation.  It makes little sense that Lawalawa retaliated against Plaintiff because Plaintiff was fired.  Yet Plaintiff provides no other details

11

to place this claim in context.  Plaintiff therefore fails to establish any nexus between Lawalawa's alleged retaliatory act and his own protected activity.  *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000).  And, although sometimes the timing of events can show "circumstantial evidence of retaliatory intent," the timing here just as plausibly suggests that Lawalawa wrote Plaintiff up for breaking the table because he believed Plaintiff broke the kitchen table for having been terminated from the kitchen workline.  *See Pratt*, 65 F.3d at 808. These facts do not plausibly suggest that Lawalawa's report was retaliatory and intended to chill Plaintiff from exercising his First Amendment rights.

Plaintiff also fails to plead the absence of legitimate correctional goals for Lawalawa's writing the disciplinary report against him.  *Id.* at 806.  Plaintiff admits that the table was broken and, although Plaintiff alleges that other inmates broke it, this information was not available to Lawalawa when he wrote the report. Thus, Plaintiff fails to allege any facts showing that Lawalawa's disciplinary report was patently false or was submitted for no legitimate penological purpose. Plaintiff fails to state a plausible retaliation claim against ACO Lawalawa and this claim is DISMISSED with leave to amend.

///

///

12

## 2.    *COS Ornellas*

Plaintiff alleges that COS Ornellas retaliated against him by (1) upholding

his disciplinary proceedings; and denying (2) his grievances; (3) him work status

when he returned to WCF; and (4) him participation in the WCF choir.

As with his claim against Lawalawa, Plaintiff alleges *no* facts supporting a

finding that Ornellas retaliated against him.  Plaintiff simply concludes that,

because Ornellas "allowed" Lt. Salderbar to destroy Sgt. Maile's untimely report

and "[a]llowed staff to red flag my name for work . . . [and] denied me access to

participate on the choir," Ornellas retaliated against him.  Am. Compl., Doc. No.

This is pure speculation and is insufficient to state a plausible claim.  *Wood v.

Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases) (affirming summary

judgment where there was no evidence that defendants knew about plaintiff's prior

lawsuit, or that defendants' disparaging remarks were made in reference to prior

lawsuit).

The only facts that Plaintiff sets forth to support his claim against Ornellas

is that Ornellas denied Plaintiff's grievances and upheld the disciplinary findings.

If simply denying a grievance is enough to support a claim of retaliation, however,

every grievance procedure that is upheld in every case would be subject to claims

of retaliation.  Plaintiff provides no details concerning the disciplinary

13

proceedings that are the basis for Ornellas denying Plaintiff's grievances and upholding the discipline imposed.

Plaintiff fails to assert facts showing that Ornellas denied his grievances *because* Plaintiff filed such grievances, or that this denial chilled Plaintiff's exercise of his First Amendment rights and had no rational or legitimate penological purpose. Plaintiff fails to state a retaliation claim against COS Ornellas and this claim is DISMISSED with leave to amend.

## IV. <u>LEAVE TO AMEND</u>

Plaintiff may file an amended complaint on or before January 26, 2016, that cures the deficiencies noted above in Counts II and III, if possible. An amended complaint generally supersedes the previous complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Thus, an amended complaint should stand on its own without incorporation or reference to a previous pleading. Defendants not named and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not repled).

## V.  <u>CONCLUSION</u>

(1)  The Amended Complaint is DISMISSED IN PART for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Defendant Hawaii Department of Public Safety is DISMISSED with prejudice.  Counts II and III fail to state a claim against Defendants ACO Lawalawa and COS Ornellas and are DISMISSED with leave granted to amend.  Count I states a claim against Defendant Richard Kiaina and may proceed.

(2)  Plaintiff may file an amended complaint curing the deficiencies in Counts II and III if possible, on or before January 26, 2016.

(3)  In the alternative, Plaintiff may NOTIFY the court in writing on or before January 26, 2016, that he elects to stand on his Fourteenth Amendment Equal Protection claim in Count I against Richard Kiaina.  If Plaintiff chooses this option, the Amended Complaint will be served on Defendant Richard Kiaina as to Count I only.

///

///

///

///

15

(4)  The Clerk of Court is directed to mail Plaintiff a form prisoner civil

rights complaint so that he can comply with the directions in this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 23, 2015.



 /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Kakatin v. Kiana*, 1:15-cv-00337 JMS/BMK; Scrn 2015 Kakatin 15-337 FAC (dsm in part EP, retal)